UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA ULLOA MADRID,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,[1]<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>　　　　　Defendant. | Case No. CV-06-1576 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

## I.　SUMMARY

Plaintiff Sonia Ulloa Madrid ("plaintiff") filed a Complaint on March 16, 2006, seeking review of the Commissioner of Social Security's denial of benefits. The parties have filed a consent to proceed before a United States Magistrate Judge.

Plaintiff filed a motion for summary judgment on June 7, 2006 ("Plaintiff's Motion"). The Commissioner filed a cross-motion for summary judgment and an opposition to Plaintiff's Motion on June 29, 2006 ("Defendant's Cross-Motion").

---

[1] Michael J. Astrue is substituted as Commissioner of Social Security pursuant to Fed. R. Civ. P. 25(d)(1).

Plaintiff filed a reply and an opposition to Defendant's Cross-Motion on June 30, 2006 ("Plaintiff's Reply").

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.  In light of the failure of the Administrative Law Judge ("ALJ") to ask the vocational expert whether his testimony conflicted with the Dictionary of Occupational Titles and, if so, whether there was a reasonable explanation for the conflict, this Court cannot determine whether the ALJ properly relied upon such expert's testimony and whether substantial evidence supports the ALJ's finding that plaintiff could work as a call-out operator.

## II.    APPLICABLE LEGAL STANDARDS

### A.    Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)    Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

///
///

  (2) Is the claimant's alleged impairment sufficiently severe to limit her ability to work? If not, the claimant is not disabled. If so, proceed to step three.

  (3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

  (4) Does the claimant possess the residual functional capacity to perform her past relevant work?[2] If so, the claimant is not disabled. If not, proceed to step five.

  (5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

  The ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (ALJ has special duty to fully and fairly develop record and to assure that claimant's interests are considered). The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.

---

[2] Residual functional capacity is "what [one] can still do despite [ones] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. §§ 404.1545(a), 416.945(a). In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment. Robbins v. Social Security Administration, 466 F.3d 880, 883 (9th Cir. 2006) (citations omitted).

Bustamante, 262 F.3d at 953-54 (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

### B. Step Five of the Sequential Analysis

If, at step four, the claimant meets her burden of establishing an inability to perform past work, the Commissioner must show, at step five, that the claimant can perform some other work that exists in "significant numbers" in the national economy (whether in the region where such individual lives or in several regions of the country), taking into account the claimant's residual functional capacity, age, education, and work experience.[3]  Tackett, 180 F.3d at 1100 (citing 20 C.F.R § 404.1560(b)(3)); 42 U.S.C. § 423(d)(2)(A).  The Commissioner may satisfy this burden by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids").  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett).  When a claimant has both exertional (strength-related) and nonexertional limitations, the ALJ must first determine whether the Grids mandate a finding of disability with respect to exertional limitations.  See Lounsburry v. Barnhart, 468 F.3d 1111, 1116 (9th Cir.), as amended (2006); Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir. 1989).  If not, the ALJ must nonetheless use the grids as a framework, and also take the testimony of a vocational expert.  Lounsburry, 468 F.3d at 1155; Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

The vocational expert's testimony may constitute substantial evidence of a claimant's ability to perform work which exists in significant numbers in the

---

[3]Whether there are a "significant" number of jobs a claimant is able to perform with his limitations is a question of fact to be determined by a judicial officer.  Martinez v. Heckler, 807 F.2d 771, 775 (9th Cir. 1986).  See also Barker v. Secretary of Health & Human Services, 882 F.2d 1474, 1478 (9th Cir.), as amended (1989) (noting that Ninth Circuit has never established the minimum number of jobs necessary to constitute a "significant number").

national economy when the ALJ poses a hypothetical question that accurately describes all of the limitations and restrictions of the claimant that are supported by the record.  See Tackett, 180 F.3d at 1101; see also Robbins, 466 F.3d at 886 (finding material error where the ALJ posed an incomplete hypothetical question to the vocational expert which ignored improperly-disregarded testimony suggesting greater limitations); Lewis v. Apfel, 236 F.3d 503, 517 (9th Cir. 2001) ("If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value.").

ALJs routinely rely on the Dictionary of Occupational Titles ("DOT") "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); see also 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1) (DOT is source of reliable job information).  The DOT is the presumptive authority on job classifications. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).  An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons therefor.  Massachi v. Astrue, 2007 WL 1377614 **2, 3 (9th Cir. May 11, 2007) (citing Social Security Ruling ("SSR") 00-4p).[4]  In order for an ALJ to accept vocational expert testimony that contradicts the DOT, the record must contain "persuasive evidence to support the deviation."  Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001) (quoting Johnson, 60 F.3d at 1435).  Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the

---

[4] Social Security rulings are binding on the Administration.  See Terry, 903 F.2d at 1275 n.1 (9th Cir. 1990).  Such rulings reflect the official interpretation of the Social Security Administration and are entitled to some deference as long as they are consistent with the Social Security Act and regulations.  Massachi, 2007 WL 1377614 at *2 n.6.

context of the expert's testimony. Light v. Social Security Administration, 119 F.3d 789, 793 (9th Cir.), as amended (1997) (citations omitted).

### C. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins, 466 F.3d at 882 (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## III. FACTS

On October 2, 2002. plaintiff filed an application for supplemental security income benefits. (Administrative Record ("AR") 19). Plaintiff asserted that she became disabled on January 1, 2001 due to carpal tunnel, cystericercosis, morbid obesity, lack of concentration, high cholesterol, headaches, dizziness, pain in her neck, shoulder, arm, and hand, as well as numbness of hands. (AR 52-58, 64). The ALJ examined the medical evidence and heard testimony from plaintiff, who was assisted by counsel and a Spanish interpreter, on May 25, 2004. (AR 19, 516-41). On January 3, 2005, the ALJ held a supplemental hearing and heard

1  additional testimony from plaintiff, who was assisted by counsel and a Spanish
2  interpreter, and a vocational expert. (AR 542-564).
3       On April 13, 2005, the ALJ determined that plaintiff was not disabled at any
4  time through the date of the decision. (AR 16-26). Specifically, the ALJ found:
5  (1) plaintiff suffered from the following severe impairments: partial seizures
6  secondary to cerebral cystericercosis, a bilateral carpal tunnel syndrome secondary
7  to median nerve compression, obesity, osteoarthritis of the thoracic and
8  lumbosacral spine, hypertension, an abdominal hernia, a left heel spur, thyroid
9  nodules, and chronic sinusitis (AR 20, 25); (2) plaintiff's impairments, considered
10 singly or in combination, did not meet or medically equal one of the listed
11 impairments (AR 20, 25); (3) since September 1, 2003, plaintiff retained the
12 residual functional capacity to perform basic work-related activities with certain
13 limitations (AR 26);[5] (4) since September 1, 2003, plaintiff could not perform her
14 past relevant work (AR 20, 26); and (5) plaintiff could perform a significant range
15 of unskilled sedentary work activities that exist in significant numbers in the
16 national economy, specifically, call-out operator (AR 26).[6]
17 ///
18 ///
19 ///
20 ///

---

[5] The ALJ determined that plaintiff's capacity to perform basic work-related activities was limited by (i) an inability to (a) lift more than 10 pounds frequently or more than 25 pounds occasionally; and (b) do more than occasional pushing or pulling activities; and (ii) restrictions from (a) more than occasional pushing or pulling activities; (b) more than occasional operation of hand controls or use of hand tools; (c) more than occasional gripping; (d) work involving more than occasional fine coordinated finger movements; and (e) work at unprotected heights, around moving machinery, and similar hazards. (AR 25-26).

[6] In determining that plaintiff could perform the job of a call-out operator, the ALJ expressly relied upon the testimony of a vocational expert. (AR 24). In response to a hypothetical posed by the ALJ, the vocational expert opined that an individual who, inter alia, could communicate effectively in English, could work as a call operator. (AR 559-60).

The ALJ also found, for disability evaluation purposes, that plaintiff was considered to have a marginal education,[7] was able to communicate effectively in English, and was not functionally illiterate in English. (AR 26).

Plaintiff sought review of the ALJ's decision and submitted additional materials for consideration by the Appeals Council. (AR 8, 460-515). The Appeals Council denied plaintiff's application for review. (AR 5-8).

## IV. DISCUSSION

### A. A Remand is Appropriate Because the ALJ Erroneously Failed to Ask the Vocational Expert Whether His Testimony Was Consistent with the DOT and If Not, the Reasons Therefor

Plaintiff argues that the ALJ materially erred in finding, due to his improper reliance on a vocational expert's opinion, that plaintiff could work as a call-out operator given plaintiff's basic English language skills.[8] More specifically, plaintiff contends that the vocational expert's opinion that plaintiff could perform the job of a call-out operator constitutes a deviation from the presumptively correct DOT without persuasive evidence to justify such a deviation. Plaintiff further points out that the ALJ did not ask the vocational expert whether his opinion was consistent with the DOT.

The ALJ determined that plaintiff was capable of communicating in and reading and writing basic English, such as would be required to read street signs or an inventory list or write a simple note to a friend or coworker. (AR 20). The vocational expert testified that an individual who, <u>inter alia</u>, was capable of effectively communicating in English could work as a call-out operator. (AR 559-60).

---

[7] A marginal education is generally equivalent to "formal schooling at a 6th grade level or less." 20 C.F.R. § 416.964(b)(2).

[8] Plaintiff contests the ALJ's decision only with respect to the period after September 1, 2003. (Plaintiff's Motion 4 n.1).

8

1      Plaintiff argues that the vocational expert's opinion is inconsistent with the
2 DOT which reflects that the position of a call-out operator requires more than a
3 fundamental or basic level of English language skills, and that the ALJ was
4 required to address the reason for the conflict.[9]  Defendant responds that there is
5 no contradiction, and that plaintiff's contention relies on her own lay interpretation
6 of the DOT.
7      This Court need not resolve whether the vocational expert's testimony is
8 inconsistent with the DOT.  As the Ninth Circuit recently indicated in Massachi,
9 whether a vocational expert's testimony is consistent or inconsistent with the DOT
10 is an inquiry which should be made in the first instance by the ALJ to the
11 vocational expert.  As the ALJ in this case erroneously failed to ask the vocational
12 expert whether his testimony conflicted with the DOT, and, if so, whether there
13 was a reasonable explanation for the conflict, remand is appropriate.  On remand,
14 the ALJ should apply SSR 00-4p's requirements and determine:  (1) whether the
15 job of call-out operator is consistent with the definition in the DOT and plaintiff's
16 limitations (including her specific level of English language ability); and
17 (2) whether there is a reasonable explanation for any inconsistencies between the
18 vocational expert's testimony and the DOT.
19 ////
20 ///
21 ///
22 ///
23 ///

---

[9] The DOT states that a call-out operator job requires a level three of General Education Development ("GED") in language and reading development. DOT 355.674-014; see Appendix C; § III to DOT. This means that a call-out operator must be able to (i) read a variety of novels, magazines, atlases, and encyclopedias, safety rules, instructions in the use and maintenance of shop tools and equipment, and methods and procedures in mechanical drawing and layout work; and (ii) write reports and essays with proper format, punctuation, spelling, grammar, using all parts of speech. DOT 355.674-014.

**V.   CONCLUSION**

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[10]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 18, 2007

                                                        /s/

                                        Honorable Jacqueline Chooljian
                                        UNITED STATES MAGISTRATE JUDGE

---

[10] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).